GReen, J.
delivered the opinion of the court.
This is an action of debt against the plaintiff in error, as administrator of James Campbell, deceased.
By leave of the court, the defendant below filed a fourth plea, alledging that the estate of the defendant’s intestate was found insolvent; that on the 1st of February; 1839, defendant suggested the insolvency to the Clerk of the County Court of Knox county, the proper authority; that by his order, a notice was given to all persons having claims against the said estate to file them with the Clerk, on or before the 2nd of May, 1839; *76 on that day the commissioners duly appointed, distributed the estate among those whose claims had been filed; and that the plaintiff's claim was not filed, and is barred.
To this plea there was a replication; and to the replication a rejoinder; to the rejoinder the plaintiff demurred.
The question is, whether this plea is a defence to the action. And we think it is not.
The act of 1833, ch. 36, does not by its terms, nor by implication, arrest the progress of any suit that may be pending against the administrator when the insolvency may be suggested. By the the act of 1837-8, amendatory of this law, a bill may be filed enjoining the further prosecution of suits against the insolvent estate. And this provision shows that the legislature did not consider the mere operation of the act of 1833, when pleaded, as having that effect.
1st. The bar to any claim not filed by the time fixed by the Clerk for the distribution of the estate, provided by the 10th section of the act of 1833, does not relate to the prosecution of a suit against the administrator to judgment, but is applicable to the right of the party so neglecting, to share in the fund so distributed. If he fail to file his claim, as required, he does it at his peril, but he may get his judgment. The demurrer was properly sustained.
2d. But the summons in this case lays the damages at $2000.
The verdict and judgment are for $2300 44 damages. This is error, and the judgment must be reversed, but the plaintiff may enter a remittitur for the excess of damages, and take judgment for the sum in the writ.
The plaintiff in error will recover costs.